In the Matter of G. T.

No. 6479.

District of Columbia Court of Appeals.

Argued March 14, 1973.

Decided April 26, 1973.

Beatrice G. Fuchs, Washington, D. C., appointed by this court, for appellant.

E. Calvin Golumbic, Asst. Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

Appellant was adjudged delinquent based on a charge of selling an opiate narcotic drug in violation of D.C.Code 1967, § 33–402(a).

Appellant contends that the delay of slightly less than 5 months between the sale and his arrest was unreasonable, and that it prejudiced his ability to defend himself in violation of his Fifth Amendment right to due process of law.* While there is substantial doubt as to the justification of at least the last 2 months of the delay, the record supports the trial judge's decision that appellant was not prejudiced. We therefore affirm.

On October 27, 1971, appellant was arrested and charged by petition with selling an opiate narcotic drug to Officer Robert Thompson, an undercover policeman, on June 3, 1971. The officer testified that he had gone undercover on April 19, 1971, and had remained in that status until February 20, 1972. He stated that on June 3, 1971, at approximately 4:15 p. m., he drove with another juvenile, A. T., to the corner of Ninth and Quackenbos Streets, N.W., for the purpose of securing some "trades." The juvenile, who rode with Thompson and who was to arrange the trades, did not know that Thompson was an undercover police officer. Once they parked the car, they saw appellant, a juvenile—A. H., and an unidentified youth. The three juveniles approached the car on the passenger side where A. T. was seated. A. T. asked A. H. if he had any "trades for us for $3 a pack." When asked how many they wanted, Officer Thompson replied, "one bag." Appel-

* After careful consideration we find appellant's other contentions to be without merit.

lant produced one tinfoil pack which he gave to A. T., who in turn passed it to the officer. Thompson paid appellant $3.

Immediately thereafter, Officer Thompson and A. T. left the area and drove to an apartment building in the 900 block of Peabody Street. The officer left A. T. in the car while he went inside. There he placed the pack in an envelope on which he noted the date, place of purchase, and that it was bought from "Little Gus." Returning to the car, he told A. T. that he had sold the drugs and that he wanted to get more. They returned to the 800 block of Quackenbos Street where they purchased more narcotics, this time from A. H., who now was alone.

On August 29, 1971, A. H. and A. T. were arrested and subsequently charged by petition with selling narcotics to Officer Robert Thompson on June 3, 1971. After being released pending the juvenile hearing, A. T. returned to his neighborhood where he communicated the fact that Bobby Thompson was an undercover policeman.

On October 27, 1971, appellant was arrested for the June 3 sale. At the delinquency hearing, he relied primarily on the testimony of A. T., who testified that he (A. T.) had been with Officer Thompson on June 3 and had in fact arranged the sale of narcotics by A. H. to the officer. He further testified that there had been only one sale and that appellant was not present. Appellant, who did not testify, merely asserted that he was unable to recall the events of that particular day due to passage of time. A. H., who was also called, did not take the stand on advice of counsel. Appellant's motion to dismiss was denied and he was adjudicated delinquent.

■ Appellant, relying on Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), and its progeny, contends that he was prejudiced in presenting a defense because of the unreasonable delay in arresting him. The myriad narcotic-delay opinions which have been decided since *Ross* were recently reviewed by the Circuit Court in Robinson v. United States, 148 U.S.App. D.C. 58, 459 F.2d 847 (1972), a review which we do not repeat here. Summarizing only, we note that the factors which are to guide judges in making the determination of whether a defendant's right to due process of law has been violated are: (1) the reasonableness of the delay, (2) the plausibility of prejudice to the defendant, and (3) the reliability of the government's techniques and proof of the defendant's identity. In reviewing the instant record, we are mindful of the admonition of the Circuit Court in *Robinson, supra* at 64, 459 F.2d at 853, where it indicated the following:

> Our decisions lay down no rules as to the weight to be assigned to these factors; they call, instead, for judicial judgment of the most delicate type. . . .

In United States v. Mills, 149 U.S.App.D.C. 345, 356, 463 F.2d 291, 302 (1972), the court stated further that:

> [W]here, as here, that judgment has in the first instance been exercised by the trial judge, we think it clear that it must be accorded due deference. . . . [Footnote omitted.]

■ In the instant case, although we view the last 2 months of the delay as being questionably unreasonable, the government's identification procedures appear reliable. Additionally, appellant's claim of prejudice may have some plausibility. However, he produced a witness who recalled the events of the day in question and exculpated appellant. This tends to support the trial judge's finding that appellant was not prejudiced in offering a defense. He was able to and did in fact offer a defense to the charge; therefore, we find no reason to reject the finding of the trial judge.

Affirmed.